## L. C. BUTLER v. STATE.

No. A-7772. Opinion Filed Feb. 14, 1931.
(296 Pac. 507.)

S. A. Fowler, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as defendant, was convicted of selling one pint of whisky to one W. L. Wormington, and was sentenced to pay a fine of $50 and to imprisonment in the county jail for 60 days, from which judgment the defendant has appealed.

W. L. Wormington, the party to whom it is alleged the defendant sold the pint of whisky, was called as a witness on behalf of the state, and said in substance that on the date alleged he met the defendant on the street shortly before the arrest. That he had gone into the warehouse in the rear of the place of business of a man by the name of Parks, and the defendant came in shortly after he went into the warehouse, and in a very few minutes an officer came in and wanted to know what they were doing. Witness stated:

"I do not know what the defendant was arrested for. I had some money in my hand when the officer came in. I didn't give the money to anyone. I hadn't had anything to pay for. I had not seen any whisky at the time the officers came into the warehouse. After the sheriff came in and looked around I saw some whisky."

On cross-examination the witness stated:

"The warehouse is located right behind Joe Parks' tin shop. I was working for Joe Parks at the time and was managing the warehouse to a certain extent. I did not know there was any whisky in the warehouse until after the sheriff came in. I had not seen any whisky. I hadn't paid Mr. Butler any money. I did not buy any whisky from Mr. Butler. Didn't pay him any money. Mr. Butler didn't tell me he had any whisky in the warehouse nor did I tell Butler I had any whisky in there."

The officers testified to going into the warehouse and finding a short distance from where the witness Worming-

ton was standing a pint of whisky, and also testified to searching the building and finding some more bottles with some kind of red liquid in them. They did not know who had taken the pint of whisky into the warehouse. Did not see the defendant in possession of it or handling it.

The defendant assigns several errors alleged to have been committed. The only error necessary to be considered is No. 4, which is that the verdict is not sustained by sufficient evidence and is contrary to law in such cases made and provided by the laws of the state of Oklahoma. After careful examination of the testimony, we hold that there is no testimony showing a sale by the defendant to Mr. Wormington or any one else. The party to whom the sale is alleged to have been made says that he made no purchase from the defendant. The evidence is wholly insufficient to sustain the allegations in the information.

The judgment is reversed.

EDWARDS and CHAPPELL, JJ., concur.